UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ISAAC PÉREZ-SERRANO,**<br><br>　**Plaintiff,**<br><br>　v.<br><br>**WAL-MART PUERTO RICO, INC.,**<br><br>　**Defendant.** | **Civil No. 24-1456 (ADC)** |

**OPINION AND ORDER**

**I.     Introduction and Procedural Background**

On September 9, 2024, plaintiff Isaac Pérez-Serrano ("plaintiff") filed a complaint against defendant Wal-Mart Puerto Rico, Inc. ("defendant") for violations of the Federal Civil Rights Act of 1964, Pub. L. 88-325, § 701 *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Pub. L. 102-166, § 101 *et seq.*, as well as violations of several Puerto Rico labor and employment laws. **ECF No. 1**. The gravamen behind plaintiff's complaint is that he was discriminated against and ultimately dismissed by defendant because of his atheistic religious beliefs, after he complained about the overtly religious conduct of and proselytizing by his Christian co-workers during working hours.

Defendant filed a motion to dismiss the complaint for failure to state a claim on December 16, 2024. **ECF No. 11**. It seeks dismissal of the complaint on three grounds. First, that plaintiff's claims are premised on a statutory provision, 42 U.S.C. § 1981a, that does not give rise to a cause of action. Second, that even if plaintiff had alleged a claim under Title VII of the Civil Rights

Act, he failed to exhaust administrative remedies. And third, that because he fails to plead a viable federal cause of action, the Court should decline to exercise supplemental jurisdiction over his Puerto Rico law claims.

On January 16, 2025, plaintiff filed a belated opposition to defendant's motion. **ECF No. 15**.[1] There, he argued (somewhat disjointedly) that defendant was a multinational corporation, that he had exhausted administrative remedies as required for a Title VII claim, that the Court should retain supplemental jurisdiction over his Puerto Rico law claims independent of the viability of his federal claims, and that defendant engaged in a conspiracy to violate his civil rights. Understandably, defendant requested leave to reply and tendered its reply, rebutting plaintiff's contentions. **ECF No. 17-1**.[2]

For the reasons explained below, and after considering the above filings, the Court **GRANTS IN PART, DENIES IN PART** defendant's motion to dismiss.

## II.   Legal Standard

When ruling on a motion to dismiss brought pursuant to Fed. R. Civ. P 12(b)(6), courts must "accept the truth of all well-pleaded facts and draw all reasonable inferences therefrom in the pleader's favor." *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless

---

[1] The Court exercised its discretion to allow the opposition. *See* **ECF Nos. 18, 19**.

[2] The motion for leave to file the reply (**ECF No. 17**) is **GRANTED** and the tendered reply (**ECF No. 17-1**) is deemed filed.

must contain more than a rote recital of the elements of a cause of action… [and they] must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (cleaned up) (citing, inter alia, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). In order to perform this plausibility inquiry, the Court must "separate factual allegations from conclusory ones and then evaluate whether the factual allegations support a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citing *Iqbal*, 556 U.S. at 678, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "If the factual allegations in a complaint, stripped of conclusory legal allegations, raise no 'more than a sheer possibility that a defendant has acted unlawfully,' the complaint should be dismissed." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 270 (1st Cir. 2022) (quoting *Rodríguez-Reyes*, 711 F.3d at 53, and *Iqbal*, 556 U.S. at 678). In sum, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

### III. Discussion

#### A. Whether the complaint states a claim for relief.

The Court will proceed with its analysis on the assumption that plaintiff's complaint raises a Title VII claim for religious discrimination, even though, as defendant points out, plaintiff cites an inapposite statutory provision. In other words, defendant's first argument can be taken care of right off the bat.

A plaintiff is not required to plead a specific "cause of action" but rather a "claim": "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). The well-pleaded facts of the complaint clearly spell out a claim for religious discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2. Plaintiff alleges that he worked for defendant as a butcher since January 11, 2017. **ECF No. 1** at 2, ¶¶ 6-9. He alleges that he is "openly atheist and does not adhere to the Christian faith or any other religious belief as an Atheistic religious idea." *Id.*, at ¶ 13. Plaintiff goes on to detail how he "began to experience discrimination based on his religious beliefs" around November of 2020. *Id.*, at ¶ 14. He details how he was subjected to "mockery, derogatory comments, subjecting him to Christian sermons, sacred music in his work area, written promotion[s] (like flyers) [i]n [plaintiff's] locker where he kept his personal items during his work shift, and constant questioning of his beliefs." *Id.*, at ¶ 15; *see also id.*, at 3-4, ¶¶ 19, 22, 24, 27 (describing specific incidents). He also complains that he was discriminated against in terms of a reasonable accommodation request regarding work shift preferences, to the benefit of one of his harassers. *Id.*, at 4, ¶¶ 30-33. The complaint also describes plaintiff's attempts to remedy the situation through internal procedures, which resulted in being told to ignore his coworkers and, at most, a general employee meeting to discuss general workplace policies regarding discussions on politics or religion and the use of speakers to listen to music. *Id.*, at 3-4, ¶¶ 18-28. Finally, plaintiff alleges that he was dismissed on June 19, 2021. *Id.*, at 4, ¶ 28.

That plaintiff characterized his remedy as one arising under "[t]he Federal Civil Rights Act of 1964, 42 U.S.C. § 1981-2000h-6; as amended by the Civil Rights At of 1991, 42 U.S.C. §§ [sic] 1981a" is not by itself a basis for dismissal. He repeatedly alleges that his dismissal was based solely on discriminatory motivations. *Id.*, at 4, ¶ 29. He further alleges that he was subject to discriminatory acts and retaliation. *Id.*, at ¶ 30. He also cites to defendant's employee manual and alleges that defendant failed to comply with its own rules regarding religious discrimination, anti-retaliation prohibitions, and regulation of electronic devices in the workplace. *Id.*, at 5, ¶¶ 35-41.

"Pleadings are to be construed so as to do justice," Fed. R. Civ. P. 8(e), and here, it is easy to see that plaintiff states a Title VII claim for discriminatory dismissal and retaliation. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).[3]

## B. Whether plaintiff exhausted administrative remedies.

Having disposed of defendant's first argument, the Court's focus turns to a matter raised by defendant in a pair of footnotes to its motion to dismiss (**ECF No. 11** at 2, n.2; *id.* at 4, n.3), addressed by plaintiff in his opposition (**ECF No. 15** at 2-3), and expanded upon by defendant on reply (**ECF No. 17-1** at 3-5): whether plaintiff adequately exhausted administrative remedies before filing his claims.

---

[3] To be clear, plaintiff's complaint **does not** state a claim for racial discrimination on the basis of racial animus under 42 U.S.C. § 1981(a). And further, plaintiff **does not** have a free-standing claim under 42 U.S.C. § 1981a because this provision does not create a cause of action, but rather provides additional remedies to Title VII violations. Why plaintiff based his religious discrimination claims on these particular provisions of Title VII remains unclear. Relatedly, it has not gone unnoticed that plaintiff's opposition is rife with arguments of questionable legal merit. All of this leads the Court to suspect that not enough care is being given to presenting plaintiff's case in an appropriate or responsible manner. The Court expects more from plaintiff moving forward.

It is black-letter law that as a condition precedent to filing a suit in federal court under Title VII, a plaintiff must usually first exhaust administrative remedies. *See Franceschi v. U.S. Dep't of Veterans Affs.*, 514 F.3d 81, 85 (1st Cir. 2008); *see also Reynoso v. DeJoy*, No. CV 21-1566 (FAB), 2023 WL 2232107, at *3 (D.P.R. Feb. 27, 2023) (citing authorities). This normally entails filing an administrative charge before the Equal Employment Opportunity Commission ("EEOC") which "provide[s] the employer with prompt notice of the claim and [creates] an opportunity for early conciliation." *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996) (citing *Powers v. Grinnell Corp.*, 915 F.2d 34, 37 (1st Cir. 1990)). This requirement is important because "in employment discrimination cases, the scope of[a [subsequently filed] civil complaint is . . . limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." *Id.* (cleaned up).

However, certain jurisdictions have anti-discrimination laws coextensive with Title VII as well as a "Fair Employment Practices Agency" (FEP) with the authority to grant relief from similar unlawful employment practices. *See* 42 U.S.C. § 2000e-5(e)(1); *see also* 29 C.F.R. §§ 1601.3 (defining the term "FEP agency"). These are known as "deferral jurisdictions," and a would-be plaintiff may comply with Title VII's exhaustion requirement by filing a charge before these state or local agencies. Puerto Rico is a deferral jurisdiction, and the designated agency is the Department of Labor ("PR-DOL"). *See* 29 C.F.R. § 1601.74(a); *cf. Frederique-Alexandre v. Dep't of Nat. & Env't Res. Puerto Rico*, 478 F.3d 433, 437 (1st Cir. 2007) (describing Puerto Rico as a deferral jurisdiction). Importantly, however, the PR-DOL is **not** an FEP agency for purposes of Title VII

retaliation claims, so a would-be plaintiff must file a Title VII retaliation claim in the federal EEOC. *See* 29 C.F.R. § 1601.74, n.6; *Aponte v. Dupont Agr. Caribe Indus., Ltd.*, Civ. No. 13-1726 (CVR), 2015 WL 5156618, at *19 (D.P.R. Sept. 2, 2015); *Levine-Díaz v. Humana Health Care*, 990 F. Supp. 2d 133, 151 (D.P.R. 2014); *Rivera-Díaz v. Humana Health Plans of Puerto Rico, Inc.*, Civ. No. 12-1732 (GAG), 2013 WL 496182, at *3 (D.P.R. Feb. 7, 2013).[4]

In the complaint, plaintiff claims to have filed an administrative complaint numbered "A1-D1-DP-0162-20" before the "Standards Division" in the PR-DOL. *See* **ECF No. 1** at 5, ¶ 44.[5] However, plaintiff later described the administrative complaint in his opposition as "Complaint No. OM-21-417" and characterized it as an attempt at mediation. **ECF No. 15** at 2. On reply, defendant also described this as a mediation process and adds that it was undertaken before the PR-DOL's Office of Mediation and Adjudication under "Complaint No. OM-1-417." **ECF No. 17-1** at 3. Defendant argues that this particular office within PR-DOL has no legal authority to grant any relief for employment discrimination, that the right office to exhaust administrative remedies would be the PR-DOL's Anti-Discrimination Unit, and that defendant thus failed to properly exhaust administrative remedies. *Id.*, at 3-5.

---

[4] It bears mentioning that the PR-DOL is a FEP agency for purposes of Title VII *sexual* retaliation claims. *See* 29 C.F.R. § 1601.74, n.6; *Velázquez-Pérez v. Devs. Diversified Realty Corp.*, 753 F.3d 265 (1st Cir. 2014).

[5] Although plaintiff does not provide a date of filing, he does allege that this administrative complaint was "dismissed without prejudice and notified on December 2, 2021." **ECF No. 1** at 6, ¶ 45. Notably, the complaint here was filed on September 26, 2024—more than three-and-a-half years later. It appears that in the meantime, plaintiff initiated a case in the Puerto Rico Court of First Instance based on the same facts and claims raised here. *See* **ECF No. 15** at 2 ("[T]he facts of this case began to be aired in the state court . . ."); **ECF No. 17-1** at 7, n.3 (noting that plaintiff filed a complaint against defendant on October 7, 2022 claiming, among other things, violation of section 1981 of the Federal Civil Rights Act, and noting that plaintiff voluntarily dismissed his case on January 26, 2024). Whether the claim is time-barred is not before the Court, as defendant does not make any argument in its motion to dismiss as to plaintiff's compliance with the time limits set forth in 42 U.S.C. § 2000e-5(f)(1).

Defendant's position makes intuitive sense, but it is untenable upon closer review. The PR-DOL is undoubtedly the appropriate Puerto Rico agency in which to file a Title VII claim for discriminatory discharge, and neither the statute nor the implementing regulations require a claimant to channel his or her claim to any specific office within the agency. Assuming that the administrative claim filed in the PR-DOL encompassed the same facts and claims as those included in the complaint, defendant cannot argue that it was not on notice of the nature of plaintiff's claims.[6] That said, it is clear that defendant should have filed any retaliation claim he had under 42 U.S.C. § 2000e-2(a) to the EEOC within 180 days after the last act of retaliation occurred. 42 U.S.C. § 2000e-5(e)(1). Because the PR-DOL, as discussed above, is not a FEP agency for retaliation claims, he did not exhaust administrative remedies in this regard.

## IV. Conclusion

In the end, the Court finds that plaintiff's claims for discriminatory discharge under Title VII survive defendant's motion to dismiss, but that his claims of retaliation under the same statute do not. In addition, because the Court declines to dismiss all of plaintiff's federal discrimination claims, it likewise declines to dismiss plaintiff's other Puerto Rico law claims. 28 U.S.C. § 1447(a). These claims are properly within the Court's supplemental jurisdiction.

---

[6] This is not to say that the Court condones the practice of side-stepping the PR-DOL's Anti-Discrimination Unit. The weight of cases in this District rightly recognize that the Anti-Discrimination Unit is tasked within PR-DOL with investigating and adjudicating employment discrimination claims that would fall within the purview of Title VII. However, the PR-DOL remains the designated agency for purposes of Title VII, federal regulation, and, indeed, Puerto Rico law. *See* P.R. Laws Ann. t. 29, § 317a (authorizing PR-DOL to act as the designated agency to administer federal legislation prohibiting workplace discrimination). The Court has not found, and defendant did not provide, any authority or examples on which the Court could rely to dismiss the complaint when a party files an administrative complaint in the correct state agency but in the incorrect subdivision thereof.

Accordingly, for the reasons above, the Court **GRANTS IN PART, DENIES IN PART** defendant's motion to dismiss the complaint at **ECF No. 11**. Plaintiff's federal retaliation claims under Title VII are **DISMISSED WITHOUT PREJUDICE**.[7]

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of July, 2025.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[7] The Court offers no opinion on whether plaintiff may still exhaust administrative remedies before the EEOC or whether the statute of limitations has run on his retaliation claim. Defendant did not raise a statute of limitations defense in its motion to dismiss.