**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ISAAC PÉREZ-SERRANO,

     Plaintiff,

     v.

WAL-MART PUERTO RICO, INC.,

     Defendant.

**Civil No. 24-1456 (ADC)**

<u>**OPINION AND ORDER**</u>

**I.    Introduction and Procedural Background**

Before the Court is defendant Wal-Mart Puerto Rico, Inc.'s ("defendant") motion for summary judgment, **ECF No. 28**, accompanying statement of uncontested material facts, **ECF No. 28-1**, and memorandum of law in support thereof, **ECF No. 29**, all filed on September 12, 2025. Plaintiff Isaac Pérez-Serrano ("plaintiff") filed an opposition on October 15, 2025. **ECF No. 33**. With the Court's leave, defendant filed a reply to plaintiff's opposition on October 22, 2025. **ECF No. 37**.

In a previous decision, *Pérez-Serrano v. Wal-Mart Puerto Rico, Inc.*, No. CV 24-1456 (ADC), 2025 WL 1918545 (D.P.R. July 11, 2025), this Court granted defendant's request to dismiss plaintiff's retaliation claims under Title VII of the Civil Rights Act of 1964, Pub. L. 88-325, § 701 *et seq.*, 42 U.S.C. § 2000e-2(a)(1), for failure to exhaust administrative remedies. *See* **ECF No. 20** at 7. However, the Court declined to dismiss plaintiff's Title VII religious discrimination claim, 42 U.S.C. § 2000e-3(a), under the same premise. **ECF No. 20** at 8. And, because a federal claim

survived, the Court maintained its supplementary jurisdiction over plaintiff's claims under Puerto Rico labor and employment laws. *Id.* On reconsideration from this decision, defendant raised several additional arguments and presented documentary evidence in support. **ECF No. 21**. The Court, however, refused to reconsider its decision by crediting previously unraised arguments and evidence. **ECF No. 26.** Nonetheless, recognizing the possible merit of defendant's arguments, the Court instructed defendant to file an answer to the complaint and move for summary judgment on its failure to exhaust defense. *Id.*, at 5-6. On September 12, 2026, defendant complied.

Having reviewed the filings on record, the Court wholly agrees with defendant's position that plaintiff failed to exhaust remedies with regard to his Title VII religious discrimination claim. That claim is therefore dismissed, and because no federal claim survives and the case is at an early procedural stage, the Court will not exercise supplemental jurisdiction over plaintiff's Puerto Rico law claims. The motion for summary judgment is thus **GRANTED**.

## II.    Legal Standard

Through summary judgment, courts "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992). A court may grant summary judgment only when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Sands v. Ridefilm Corp.*, 212 F.3d 657, 660 (1st Cir. 2000). A factual dispute is "genuine" if it could be

resolved in favor of either party; it is "material" if it potentially affects the outcome of the case. *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016); *Calero-Cerezo v. U.S. Dep't of Justice,* 355 F.3d 6, 19 (1st Cir. 2004). Although the court states the facts in the light most favorable to the party against whom summary judgment is sought, the court is still required "to determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) (citation omitted).

The court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." *Reeves v. Anderson Plumbing Productions Inc.*, 530 U.S. 133, 135 (2000). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are functions of a jury, not of a judge. *See id.*

It is a "bedrock principle that a party opposing summary judgment must adduce specific evidence sufficient to create a genuine issue of material fact." *Rodríguez v. Encompass Health Rehab. Hosp. of San Juan, Inc.*, 126 F.4th 773, 777 (1st Cir. 2025). Local Rule 56(c) states, in pertinent part, that "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts" in which it "shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." L. Civ. R. 56(c). The opposing party may also include a "separate section [of] additional facts" which must comply with Local Rule 56(e). *Id.* Local Rule 56(e), for its part, provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule,

shall be deemed admitted unless properly controverted. . . . The court shall have no independent duty to search or consider any part of the record not specifically referenced by the parties' separate statement of facts." L. Civ. R. 56(e). This is known as an "anti-ferret rule," which is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023). Litigants ignore the anti-ferret rule at their peril. *Rodríguez-Severino v. UTC Aerospace Sys.*, 52 F.4th 448, 458 (1st Cir. 2022). In the end, the nonmoving party is required to demonstrate "through submissions of evidentiary quality that a trial worthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 108 (1st Cir. 2006).

## III. Discussion

### A. Factual Findings.

The Court draws the following factual findings from the parties' admissions on the record and those proposed statements of uncontested material facts ("SUMF") submitted by plaintiff (**ECF No. 28-1**) that comply with Local Rule 56. In this regard, the Court notes that defendant failed to "submit with its opposition a separate, short, and concise statement of material facts" as per Local Rule 56(c). Having failed to do so, the Court applies Local Rule 56(e), which "sets forth in mandatory terms the results of failure to follow Rule 56(c): Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, *shall be deemed admitted unless properly controverted*." *CMI Cap. Mkt. Inv.,*

*LLC*, 520 F.3d 58, 62 (1st Cir. 2008) (quoting L. Civ. R. 56(e)). Accordingly, the below findings reflect those proposed material facts submitted by plaintiff that are properly supported by the record. Any proposed fact not included below is to have been deemed immaterial or unsupported.

On September 30, 2020, following a series of similar agreements and extensions that had been periodically renewed at least since 2017, the Antidiscrimination Unit of the Puerto Rico Department of Labor and Human Resources ("ADU") and the U.S. Equal Employment Opportunity Commission, Miami District Office ("EEOC"), entered into a *Worksharing Agreement* where both agencies, the EEOC and the ADU, designated the other as its agent for the purpose of receiving and drafting discrimination charges. *See* SUMF, ¶ 1; *see also* **ECF No. 28-2** at 2, ¶ II.A. Under the *Worksharing Agreement*, the ADU agreed to accept all charges alleging a violation of several federal anti-discrimination statutes, including Title VII, where both the ADU and the EEOC had mutual jurisdiction, or where the EEOC only had jurisdiction, so long as the allegations met the minimum requirements of those statutes, and to refer them to the EEOC for initial processing. *See* SUMF, ¶ 2; *see also* **ECF No. 28-2** at 2, ¶ II.B. This *Worksharing Agreement* covered the period between October 1, 2020, and September 30, 2021, and was subsequently extended until 2022, from October 1, 2021, through September 30, 2022. *See* SUMF, ¶ 3; *see also* **ECF No. 28-2** at 6-8. The ADU is the only local agency (a subdivision of the PR Department of Labor and Human Resources), which the EEOC has determined satisfies the requirements of section 706(c) of Title VII and is listed as a Fair Employment Practices Agency

("FEP agency") in the EEOC's website. *See* SUMF, ¶¶ 4-5; *see also* **ECF No. 28-2** at 2, ¶ II.A-B.; *State, Local and Tribal Programs*, United States Equal Employment Opportunity Commission (last visited May 4, 2026), https://www.eeoc.gov/field-office/sanjuan/fepa.[1]

Plaintiff Isaac Pérez-Serrano commenced his employment at Wal-Mart Puerto Rico, Inc. on January 11, 2017. *See* SUMF, ¶ 6; *see also* **ECF No. 1** at ¶ 6; **ECF No. 27** at ¶ 6; **ECF No. 28-3** at ¶ 4. His employment terminated on June 10, 2020. *See* SUMF, at ¶ 7; *see also* **ECF No. 1** at ¶¶ 14, 28; **ECF No. 28-3** at ¶ 4. On or around July 1, 2021, following his termination, plaintiff filed an *Administrative Complaint A1-D1-DP-0162-20* before the Labor Standards Bureau of the Puerto Rico Department of Labor ("PR-DOL") claiming wrongful termination under Puerto Rico Act No. 80 of May 30, 1976, as amended, P.R. Laws Ann. tit. 29, § 185 *et seq*. ("Act 80"). *See* SUMF, ¶ 8; *see also* **ECF No. 28-5**.

On August 6, 2021, the Labor Standards Bureau of the PR-DOL sent defendant an extrajudicial complaint requesting the amount of $6,646.20 on behalf of plaintiff for unjust dismissal pursuant to Act No. 80. *See* SUMF, ¶ 9; *see also* **ECF No. 28-6**. On October 14, 2021, the Legal Affairs Bureau of the PR-DOL notified defendant that plaintiff's Act 80 claim for severance payment in connection with *Administrative Complaint A1-D1-DP-0162-20* had been referred to their attention. *See* SUMF, ¶ 9; *see also* **ECF No. 28-7**.

---

[1] The Court takes judicial notice of the EEOC website's listing of the ADU because it is a fact not subject to reasonable dispute, is reflected in an assuredly accurate source, and supplements information already on the record. *See* Fed. R. Evid. 201(b)(2), (c)(2); *Melino v. Boston Medical Center*, 127 F.4th 391, 394 n.1 (1st Cir. 2025); *Rodrique v. Hearst Communications, Inc.*, 126 F.4th 85, 92 n.3 (1st Cir. 2025); *Does 1-6 v. Mills*, 16 F.4th 20, 26 n.3 (1st Cir. 2021).

On October 26, 2021, the PR-DOL's Office of Mediation and Adjudication ("OMA" for its Spanish acronym) sent defendant a *Notice of Initial Conciliation or Mediation Session* concerning plaintiff's unjust dismissal claim under Act 80. The mediation session was set for November 22, 2021. The case number assigned was OM-21-417. *See* SUMF, ¶ 11; *see also* **ECF No. 28-8**. On November 24, 2021, plaintiff filed an *Informative Motion* before the OMA requesting voluntary dismissal without prejudice of his administrative complaint. *See* SUMF, ¶ 12; *see also* **ECF No. 28-9**. As a result, on November 30, 2021, the OMA issued a *Resolution* closing plaintiff's administrative claim without prejudice. *See* SUMF, ¶ 13; *see also* **ECF No. 28-10**.

On October 7, 2022, more than two years after his termination, plaintiff filed a complaint against defendant in the Puerto Rico Court of First Instance, Bayamón Part, claiming (i) wrongful dismissal under Act 80, (ii) religious discrimination under federal Civil Rights Act of 1964, 42 U.S.C. §§ 1981-2000h-6, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Puerto Rico Constitution, Puerto Rico Act No. 100 of June 30, 1959, as amended, and Puerto Rico Act 4 of January 26, 2017, as well as (iii) a claim of retaliation under Puerto Rico Act No. 115 of December 20, 1991, as amended. *See* SUMF, ¶ 14; *see also* **ECF No. 28-11**. This was the first time plaintiff raised discrimination claims against defendant. *Id.* On January 9, 2023, defendant filed an answer to the complaint. *See* SUMF, ¶ 15; *see also* **ECF No. 28-12**. On January 26, 2024, plaintiff filed a motion for voluntary dismissal without prejudice, stating that, at that time, he was unprepared to continue with the proceedings. *See* SUMF, ¶ 16; *see also* **ECF No. 28-13**. On February 1, 2024, and notified on February 5, the Court of First Instance entered judgment

dismissing the case without prejudice, but imposing the payment of costs incurred by the defendant in the case. *See* SUMF, ¶ 17; *see also* **ECF No. 28-14**.

On September 26, 2024, plaintiff filed the above-captioned complaint, alleging religious discrimination and seeking remedies under the federal Civil Rights Act of 1964, as amended by, as well as supplemental claims under the Puerto Rico Constitution, Act 80, Act 100, Act 115, and for sex discrimination under Puerto Rico Act 69 of July 6, 1985, P.R. Laws Ann. tit. 29, § 1341. *See* SUMF, ¶ 18; **ECF No. 1**.

### B.    Exhaustion of Remedies under Title VII.

In its August 11, 2025 Opinion and Order, the Court summarized the intricacies of Title VII's administrative exhaustion scheme and the interplay with so-called deferral jurisdictions. *See* **ECF No. 20** at 5-7. As stated there, "[i]t is black-letter law that as a condition precedent to filing a suit in federal court under Title VII, a plaintiff must usually first exhaust administrative remedies." *Id.*, at 6 (citing *Franceschi v. U.S. Dep't of Veterans Affs.*, 514 F.3d 81, 85 (1st Cir. 2008); *Reynoso v. DeJoy*, No. CV 21-1566 (FAB), 2023 WL 2232107, at *3 (D.P.R. Feb. 27, 2023)). That is done by filing an administrative charge before either the EEOC or the designated FEP agency at the state, territorial or local level. *See* 42 U.S.C. § 2000e-5(e)(1); P.R. Laws Ann. t. 29, § 317a; *cf. Frederique-Alexandre v. Dep't of Nat. & Env't Res. Puerto Rico*, 478 F.3d 433, 437 (1st Cir. 2007) (describing Puerto Rico as a deferral jurisdiction).

Defendant argues that plaintiff never filed a Title VII discrimination charge before filing his claims in court. Plaintiff responds that he did file a claim, but before the PR-DOL's Labor

Standards Bureau.[2] Defendants bring forth evidence to establish that plaintiff's claim was not a Title VII discrimination claim, but an unjust termination claim under Puerto Rico Act 80, and that its filing could not have exhausted Title VII administrative remedies because it was not filed in the EEOC or the actual FEP agency, the PR-DOL's ADU.

Thus, the question at the center of this case is whether the filing of plaintiff's Act 80 claim exhausted his Title VII administrative remedies. The answer, as evidenced by the *Worksharing Agreement* submitted by defendant, is a plain "no." The ADU was, at all relevant times, the designated FEP agency under the terms of the then-current *Worksharing Agreement*. *See* SUMF, ¶¶ 1-5. As such, plaintiff needed to file his Title VII discrimination claims either in the EEOC or the ADU. 42 U.S.C. § 2000e-5(e)(1). By filing his claim in the PR-DOL's Labor Standards Bureau, plaintiff indisputably failed to exhaust remedies. In any event, the record shows that the claim filed by plaintiff was one for unjust termination under Puerto Rico Act 80. *See* SUMF, ¶¶ 8-9. There is no evidence on the record that the claim included allegations of discrimination prohibited by Title VII. Therefore, the filing of that claim could not have possibly exhausted Title VII administrative remedies. In fact, defendant established that the first time any such claims were made was in plaintiff's prior complaint against defendant, filed in the Puerto Rico Court of First Instance on October 7, 2022. *See* SUMF, ¶ 14; **ECF No. 28-11**. That is more than two

---

[2] That was enough for plaintiff to survive a motion to dismiss challenge because the applicable federal regulation listed the PR-DOL as the designated FEP agency. *See* **ECF No. 20** at 6; 29 C.F.R. § 1601.74(a). As explained in its August 28, 2025 Memorandum and Order denying defendant's motion for reconsideration (**ECF No. 26** at 4-5), in the absence of the *Worksharing Agreement* that is now on record and given the plaintiff-friendly standard applicable to motions to dismiss, the Court had no handle to grab on to in order to dismiss the complaint on the basis that defendant brought his purported discrimination claim in the wrong PR-DOL division.

years after his June 10, 2020 termination. *See* SUMF, at ¶ 7. Any claim would now be time-barred. *See* 42 U.S.C. § 2000e-5(e)(1).

For these two reasons, plaintiff's Title VII discrimination claims are hereby **DISMISSED WITH PREJUDICE**.

### C.    Supplemental Jurisdiction over Puerto Rico law claims.

This Court has "supplemental jurisdiction over all other claims so related in [an] action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims that meet this "same case or controversy" condition are those that "derive from a common nucleus of operative fact or are such that they . . . would ordinarily be expected to be tried . . . in one judicial proceeding." *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (citing *Penobscot Indian Nation v. Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir. 1997) (citation modified)). The relationship required under the statute between the federal and state law claims "is one of fact." *Royal Canin U.S.A., Inc., v. Wullschleger*, 604 U.S. 22, 31 (2025).

Notwithstanding, the Court "may decline to exercise" jurisdiction pursuant to four enumerated grounds, one of which is relevant here: ". . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(2). In the seminal case *United Mine Workers of Am. v. Gibbs*, the Supreme Court explained that "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims

may be dismissed without prejudice and left for resolution to state tribunals." 383 U.S. 715, 726-27 (1966). The First Circuit has long held that "[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims." *Lambert v. Fiorentini*, 949 F.3d 22, 29 (1st Cir. 2020) (quoting *Rodríguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995)).

Here, the Court had previously refused to dismiss plaintiff's Puerto Rico law claims under its supplemental jurisdiction because it had "decline[d] to dismiss all of plaintiff's federal discrimination claims . . . ." **ECF No. 20** at 8. But because the sole remaining federal claim is to be dismissed, the Court's discretionary exercise of supplemental jurisdiction is not warranted. Accordingly, the Puerto Rico law claims are hereby **DISMISSED WITHOUT PREJUDICE**.[3]

## IV. Conclusion

For the reasons above, the Court **GRANTS** defendant's motion for summary judgment at **ECF No. 28**. Plaintiff's federal discrimination claims under Title VII are **DISMISSED WITH PREJUDICE** and his claims arising under Puerto Rico law are **DISMISSED WITHOUT PREJUDICE**. Clerk of Court is to enter Judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 12th day of May, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[3] Because the Court is declining to exercise supplemental jurisdiction, it will further exercise its discretion and withhold opining on whether plaintiff's Puerto Rico law claims are time barred, as defendant persuasively argues. *See* **ECF No. 37** at 6-8.